UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DAVID WILSON                                                                                           PLAINTIFF

V.                                                                        CIVIL ACTION NO. 3:17-cv-529-DPJ-FKB

CITY OF MERIDIAN POLICE DEPT.,
OFFICER CORP. UNKNOWN WILLIAMS,
DESK OFFICER, OFFICER RICK HARRIS,
OFFICER LT. UNKNOWN HODGE,
and CHIEF OF POLICE JAME REED                                                          DEFENDANTS

REPORT AND RECOMMENDATION

This cause is before the Court *sua sponte* for screening pursuant to 28 U.S.C. § 1915. After reviewing Plaintiff's Complaint and allegations, the undersigned recommends that the case be dismissed with prejudice as "frivolous," and that this dismissal count as a "strike" pursuant to 28 U.S.C. § 1915(g).

The plaintiff, David Wilson, claims that in February 2011 he attempted to file criminal charges at the Meridian Police Department against two individuals. [1] at 3-4. According to Wilson, the Meridian Police Department and various defendants "denied [him] his civil rights . . . under [the] equal protection of the law and due process of the law" by declining to prosecute. *Id.* at 4. He again attempted to file criminal charges against one or both of the same individuals in June 2011, September 2011, June 2012, July 2012, and September 2012, but contends that Defendants again violated his civil rights by declining to prosecute. *Id.* at 4-7.

Wilson is proceeding *pro se* and *in forma pauperis*. [4]. Once a court has determined that a plaintiff may proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B) requires that the court next determine whether the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which

relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *See Day v. Seiler*, 560 F. App'x 316, 318 (5th Cir. 2014).

A complaint "must contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quotation marks and citation omitted). "A *pro se* complaint is to be construed liberally, [but it] must set forth facts giving rise to a claim on which relief may be granted." *Strausbaugh v. Bank of Am.*, No. 1:12-cv-00317-HSO-RHW, 2013 U.S. Dist. LEXIS 13905, at *6 (S.D. Miss. Feb. 1, 2013)(quoting *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993)). Dismissal of a complaint under 28 U.S.C. § 1915(d) is appropriate if the district court is "satisfied that the action is frivolous or malicious." *Graves v. Hampton*, 1 F.3d 315, 317 (5th Cir. 1993). An action is frivolous if it "lacks an arguable basis either in law or in fact." *Id.*

Wilson contends that Defendants violated his constitutional rights when they allegedly failed to allow him to file criminal charges against two individuals. Wilson alleged the same violation of his constitutional rights in a case before this Court in 2011. *See Wilson v. City of Meridian Police Department, et al*, Civil Action No. 4:11-cv-80-CWR-FKB, [5] at 1-3. As the Court explained then, "[b]ecause there is no constitutional right to compel criminal prosecution, . . . Plaintiff's claim fails to rise to the level of a constitutional violation." *Id.* at 3 (citing *Ingram v. Sollie*, Civil Action No. 4:10-cv-7-FKB, [15] at 1); *see Lewis v. Jindal*, 368 F. App'x 613, 614 (5th Cir. 2010)("It is well-settled that the decision whether to file criminal charges against an individual lies within the prosecutor's discretion, and private citizens do not have a constitutional right to compel criminal prosecution.").

For the same reason, the undersigned recommends that Wilson's complaint in this case be dismissed with prejudice. There is no constitutional right to compel criminal prosecution, and

therefore Wilson has failed to state a cognizable claim under § 1983. The undersigned also recommends that this case be dismissed as frivolous and be counted as a "strike" under 28 U.S.C. § 1915(g).[1]

Defendants have filed a Motion to Dismiss [10], alleging that Wilson's claims are barred by the applicable statutes of limitations. However, because Wilson's complaint fails to assert a cognizable claim, the undersigned finds it unnecessary to address Defendants' statutes of limitation argument.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. §636.

Respectfully submitted, this the 20th day of July, 2018.

          /s/ F. Keith Ball
          UNITED STATES MAGISTRATE JUDGE

---

[1] The undersigned noted in Wilson's 2011 case that he was "no stranger to this Court as he ha[d] litigated *pro se*, *in forma pauperis* in the Southern District of Mississippi" in six different cases, all resulting in dismissals in favor of the defendants. *Wilson*, 4:11-cv-80-CWR-FKB, [5] at 1, fn. 1. Since then, he has filed at least four other cases, not including this one, all of which have resulted in dismissal. *See* 3:17-cv-00562-HSO-JCG; 3:14-cv-00900-CWR-LRA (dismissed as frivolous); 4:11-cv-00081-HTW-LRA; and 4:11-cv-00135-HTW-LRA.