UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DAVID WILSON                                                                                          PLAINTIFF

V.                                                          CIVIL ACTION NO. 3:17-CV-529-DPJ-FKB

CITY OF MERIDIAN POLICE DEPARTMENT, ET AL.                               DEFENDANTS

ORDER

  This civil-rights case is before the Court on the Report and Recommendation ("R&R") [32] of United States Magistrate Judge F. Keith Ball. Judge Ball recommends dismissal. Upon review of the record, the Court agrees with Judge Ball's conclusions.

  Pro se Plaintiff David Wilson filed this suit on July 3, 2017, against the City of Meridian Police Department and four others. In it, he says Defendants refused to prosecute two individuals in 2011 and 2012. Because Judge Ball granted Wilson the right to proceed *in forma pauperis*, his Complaint falls under 28 U.S.C. § 1915(e)(2)(B). That statute states that "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, *sua sponte*, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).

When Judge Ball conducted that review, he concluded that Wilson's Complaint must be dismissed because it fails to identify a constitutional violation. As noted, Wilson believes Defendants violated his constitutional rights by refusing to prosecute charges he initiated against two individuals. This is not the first time Wilson has pursued these claims against the City of Meridian Police Department and others. He asserted essentially the same issues in 2011, but the Honorable Carlton W. Reeves dismissed the case after finding that "there is no constitutional right to compel criminal prosecution." *Wilson v. City of Meridian Police Dep't, et al.*, No. 4:11-CV-80-CWR-FKB, Order [5] at 3. For that same reason, Judge Ball now recommends dismissal of the present suit.

Wilson filed Objections [33] to the R&R, but he failed to substantively address Judge Ball's basis for recommending dismissal. Wilson instead raised issues unrelated to Judge Ball's core finding and generally said that the R&R should be stricken. The Court understands that Wilson is upset. But to bring a claim against these Defendants for a constitutional violation, he must show that they actually violated his constitutional rights. Yet "[i]t is well-settled that the decision whether to file criminal charges against an individual lies within the prosecutor's discretion, and private citizens do not have a constitutional right to compel criminal prosecution." *Lewis v. Jindal*, 368 F. App'x 613, 614 (5th Cir. 2010) (collecting cases). There was no constitutional violation.

There may be several reasons why this case could be dismissed, but Judge Ball is correct in his analysis that Wilson has not stated a claim. Therefore, the Court adopts the R&R and dismisses this case with prejudice. A final judgment will be entered under Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 31st day of July, 2018.

                                        s/ *Daniel P. Jordan III*
                                        CHIEF UNITED STATES DISTRICT JUDGE